**Opinion filed June 25, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-26-00057-CR

_____

## MENION MARQUIS SAMUELS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 23309-B**

## M E M O R A N D U M   O P I N I O N

A jury found Appellant, Menion Marquis Samuels, guilty of continuous sexual abuse of a child. TEX. PENAL CODE ANN. § 21.02 (West 2026). The jury assessed his punishment at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Appellant's counsel has not timely filed a notice of appeal from the trial court's judgment. Therefore, we dismiss this appeal for want of jurisdiction.

On March 4, we informed Appellant by letter that an appeal had not been perfected in this court and that this appeal was subject to dismissal for want of

jurisdiction absent a timely filed notice of appeal. TEX. R. APP. P. 25.2(b). Although Appellant's counsel timely filed a motion for new trial and a motion for extension of time to file a notice of appeal, he did not file a notice of appeal. *See* TEX. R. APP. P. 21.4(a), 26.2(a), 26.3. On June 15, Appellant's counsel filed a letter confirming that the notice "did not get filed" and informed us that he is seeking an out-of-time appeal with the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2025); *Ater v. Eighth Ct. of Appeals*, 802 S.W. 2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal must be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. TEX. R. APP. P. 26.2(a). Appellant's counsel has not filed a notice of appeal, and we lack the authority to extend the time for perfecting the appeal. As such, we have no discretion in this matter, and we must dismiss this appeal. *Hernandez v. State*, 726 S.W.3d 285, 289 (Tex. Crim. App. 2025); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

We dismiss this appeal for want of jurisdiction.


W. STACY TROTTER

JUSTICE


June 25, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.